UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| WILLIAM GONZALEZ, | |
| Petitioner, | 25-CV-4337 (VEC) |
| -against- | 19-CR-0862-20 (VEC) |
| UNITED STATES OF AMERICA, | ORDER |
| Respondent. | |

VALERIE CAPRONI, United States District Judge:

Petitioner William Gonzalez, who is currently incarcerated, brings this *pro se* petition for *habeas corpus* relief pursuant to 28 U.S.C. § 2241.  The Court interprets the petition to challenge both his conviction and sentence imposed in *United States v. Gonzalez*, 19-CR-0862 (S.D.N.Y.).  The Court (1) informs Petitioner that it construes this matter as seeking relief under 28 U.S.C. § 2255, not Section 2241 and (2) grants Petitioner leave to withdraw his petition not later than **August 15, 2025,** if he does not want it construed as a 2255 petition.  If Petitioner does not withdraw his petition, the Court also grants leave to file an amended and signed Section 2255 petition not later than **August 15, 2025**.

## BACKGROUND

Petitioner pled guilty to one count of conspiracy to distribute and possess with intent to distribute narcotics.  Dkt. 791.[1]  The Court sentenced Petitioner to a 17-year prison term, to be followed by a five-year supervised-release term.  *Id.*  Petitioner appealed, but the parties later filed a stipulation withdrawing the appeal pursuant to Federal Rule of Appellate Procedure 42.  *See* Dkt. 56, *United States v. Gonzalez*, 22-1243 (2d Cir.).

---

[1]   Unless otherwise indicated, citations to the docket refer to *United States v. Gonzalez*, 19-CR-862 (S.D.N.Y.).

More than a year later, Petitioner filed a *pro se* letter requesting this Court to appoint counsel to assist with a petition for a writ of *habeas corpus* pursuant to 28 U.S.C. § 2241. Dkt. 1112. The Court denied Petitioner's request "without prejudice to renewing it as part of a complete habeas petition." Dkt. 1115.

Several weeks later, Petitioner filed a habeas petition with the United States District Court for the Western District of Pennsylvania (the District in which he is incarcerated) challenging both his conviction and sentence. Dkt. 1, *Gonzalez v. Warden FCI McKean*, 24-CV-0022 (W.D. Pa.). That court found that it lacked jurisdiction to consider Petitioner's request and transferred the case to this District. *See Gonzalez v. Warden FCI McKean*, No. 24-CV-0022, 2025 WL 1425537, at *1 (W.D. Pa. May 16, 2025).

## DISCUSSION

Because Petitioner seeks relief from both his conviction and sentence, the Court construes the present petition, ostensibly brought under 28 U.S.C. § 2241, as a motion to vacate, set aside, or correct a federal sentence pursuant to 28 U.S.C. § 2255. *See Jiminian v. Nash*, 245 F.3d 144, 146–47 (2d Cir. 2001) (Section 2255 "is generally the proper vehicle for a federal prisoner's challenge to his conviction and sentence"); *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997) ("A petitioner seeking to challenge the legality of the *imposition* of a sentence by a [federal district] court may therefore make a claim pursuant to Section 2255. A challenge to the *execution* of a [federal] sentence, however, is properly filed pursuant to Section 2241." (citation omitted, emphasis in original)). Before this matter can proceed further as a Section 2255 petition, however, the Court must notify Petitioner of its intent to consider his petition under Section 2255, as well as to:

> warn . . . [him] that this recharacterization means that any subsequent [Section] 2255 motion will be subject to the restrictions on 'second or successive' [Section 2255] motions, and provide . . . [him] an opportunity

> to withdraw the [petition] or to amend it so that it contains all the [Section] 2255 claims he believes he has.

*Castro v. United States*, 540 U.S. 375, 383 (2003); *see Adams v. United States*, 155 F.3d 582, 584 (2d Cir. 1998); *see also* 28 U.S.C. §§ 2244(b), 2255(h) (restrictions on second or successive Section 2255 motions).[2]

Accordingly, the Court hereby notifies Petitioner that it intends to proceed with this matter as a Section 2255 petition. If Petitioner does not want the Court to construe his petition as a Section 2255 petition, he must notify the Court, in writing of his request to withdraw this petition. If he does not make such a request by **August 15, 2025**, the Court will construe the petition as seeking relief pursuant to Section 2255. If Petitioner does not wish to withdraw the petition but wishes to revise it, the Court grants him leave to file an amended and signed Section 2255 motion in which he lists clearly all of the grounds upon which he contends that Section 2255 relief should be granted and the facts supporting his request for relief.[3] Any such amended Section 2255 petition must be filed not later than **August 15, 2025**.

---

[2] A criminal defendant seeking to file a second or successive Section 2255 motion in his federal district court criminal matter must first seek the certification of the Court of Appeals that such a motion contains:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255(h). A Section 2255 motion is second or successive and, therefore, subject to the abovementioned requirements when a previous Section 2255 motion challenging the same conviction or imposition of sentence was adjudicated on the merits. *See Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998).

[3] The Court notes that the petition filed in the Western District of Pennsylvania is not signed. If Petitioner files an amended Section 2255 motion, it must be "signed under penalty of perjury." Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings in the United States District Courts.

## CONCLUSION

The Court construes this matter as one in which Petitioner seeks relief pursuant to 28 U.S.C. § 2255. If Petitioner does not wish to pursue relief pursuant to Section 2255, he must inform the Court, in writing, of his request to withdraw the petition not later than **August 15, 2025**. If he does not make such a request by August 15, 2025, the Court will construe his petition to be seeking relief pursuant to Section 2255. If Petitioner does not wish to withdraw the petition but wishes to revise it, the Court grants him leave to file an amended and signed Section 2255 motion in which he lists clearly all the grounds upon which he contends that Section 2255 relief should be granted and the facts supporting his request for relief. Any such amended Section 2255 petition must be filed not later than **August 15, 2025**.

The Clerk of the Court is respectfully directed to mail a copy of this order to Petitioner and to note mailing on the docket. An amended Section 2255 motion form is attached to this order for Petitioner's convenience.

The Government's deadline to answer or otherwise respond to the petition is ADJOURNED *sine die*.

Because Petitioner has not, at this time, made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Date:  June 16, 2025
      New York, NY

_____
**VALERIE CAPRONI**
**United States District Judge**

# Motion to Vacate, Set Aside, or Correct a Sentence
# By a Person in Federal Custody

**(Motion Under 28 U.S.C. § 2255)**

### Instructions

1. To use this form, you must be a person who is serving a sentence under a judgment against you in a federal court. You are asking for relief from the conviction or the sentence. This form is your motion for relief.

2. You must file the form in the United States district court that entered the judgment that you are challenging. If you want to challenge a federal judgment that imposed a sentence to be served in the future, you should file the motion in the federal court that entered that judgment.

3. Make sure the form is typed or neatly written.

4. You must tell the truth and sign the form. If you make a false statement of a material fact, you may be prosecuted for perjury.

5. Answer all the questions. You do not need to cite law. You may submit additional pages if necessary. If you do not fill out the form properly, you will be asked to submit additional or correct information. If you want to submit a brief or arguments, you must submit them in a separate memorandum.

6. If you cannot pay for the costs of this motion (such as costs for an attorney or transcripts), you may ask to proceed *in forma pauperis* (as a poor person). To do that, you must fill out the last page of this form. Also, you must submit a certificate signed by an officer at the institution where you are confined showing the amount of money that the institution is holding for you.

7. In this motion, you may challenge the judgment entered by only one court. If you want to challenge a judgment entered by a different judge or division (either in the same district or in a different district), you must file a separate motion.

8. When you have completed the form, send the original to the Clerk of the United States District Court at this address:

   Daniel Patrick Moynihan U.S. Courthouse
   500 Pearl Street
   New York, NY 10007

9. **CAUTION: You must include in this motion *all* the grounds for relief from the conviction or sentence that you challenge. And you must state the facts that support each ground. If you fail to set forth all the grounds in this motion, you may be barred from presenting additional grounds at a later date.**

10. **CAPITAL CASES: If you are under a sentence of death, you are entitled to the assistance of counsel and should request the appointment of counsel.**

# AMENDED MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY

| **United States District Court** | District |
| --- | --- |
| Name (under which you were convicted): | Docket or Case No.: |
| Place of Confinement: | Prisoner No.: |
| UNITED STATES OF AMERICA  v. | Movant (include name under which you were convicted) |

**MOTION**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:

   (b) Criminal docket or case number (if you know):

2. (a) Date of the judgment of conviction (if you know):

   (b) Date of sentencing:

3. Length of sentence:

4. Nature of crime (all counts):

5. (a) What was your plea? (Check one)
   (1) Not guilty ❏    (2) Guilty ❏    (3) Nolo contendere (no contest) ❏

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?

6. If you went to trial, what kind of trial did you have? (Check one)   Jury ❏    Judge only ❏

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?     Yes ❑     No ❑
8. Did you appeal from the judgment of conviction?     Yes ❑     No ❑
9. If you did appeal, answer the following:

   (a) Name of court:

   (b) Docket or case number (if you know):

   (c) Result:

   (d) Date of result (if you know):

   (e) Citation to the case (if you know):

   (f) Grounds raised:

   (g) Did you file a petition for certiorari in the United States Supreme Court?     Yes ❑     No ❑

   If "Yes," answer the following:

   (1) Docket or case number (if you know):

   (2) Result:

   (3) Date of result (if you know):

   (4) Citation to the case (if you know):

   (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ❑     No ❑

11. If your answer to Question 10 was "Yes," give the following information:

    (a) (1) Name of court:

    (2) Docket or case number (if you know):

    (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:




(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:




(6) Did you receive a hearing where evidence was given on your motion, petition, or application?   Yes ❑   No ❑

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1)  First petition:       Yes ❑    No ❑
(2)  Second petition:   Yes ❑    No ❑

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:


12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

**GROUND ONE:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):







(b) **Direct Appeal of Ground One:**

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ❏    No ❏

(2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ❏    No ❏

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

   Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

   Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

   Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND TWO**:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

Case 1:25-cv-04337-VEC    Document 17    Filed 06/16/25    Page 11 of 18

Page 7

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑    No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑    No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑    No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

    Name and location of the court where the appeal was filed:

    Docket or case number (if you know):

    Date of the court's decision:

    Result (attach a copy of the court's opinion or order, if available):

Page 8

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**
    (1) If you appealed from the judgment of conviction, did you raise this issue?
        Yes ❑     No ❑
    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**
    (1) Did you raise this issue in any post-conviction motion, petition, or application?
        Yes ❑     No ❑
    (2) If your answer to Question (c)(1) is "Yes," state:
    Type of motion or petition:
    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):
    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:




**GROUND FOUR**:

(a) Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Four:**

   (1) If you appealed from the judgment of conviction, did you raise this issue?

      Yes ❑  No ❑

   (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

   (1) Did you raise this issue in any post-conviction motion, petition, or application?

      Yes ❑  No ❑

   (2) If your answer to Question (c)(1) is "Yes," state:

   Type of motion or petition:

   Name and location of the court where the motion or petition was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

   (3) Did you receive a hearing on your motion, petition, or application?

      Yes ❑   No ❑

   (4) Did you appeal from the denial of your motion, petition, or application?

      Yes ❑   No ❑

   (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

      Yes ❑   No ❑

   (6) If your answer to Question (c)(4) is "Yes," state:

   Name and location of the court where the appeal was filed:

   Docket or case number (if you know):

   Date of the court's decision:

   Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?     Yes ❏   No ❏
    If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:
    (a) At preliminary hearing:

    (b) At arraignment and plea:

    (c) At trial:

    (d) At sentencing:

Page 12

(e) On appeal:

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?    Yes ❑ No ❑
17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?    Yes ❑ No ❑
    (a)  If so, give name and location of court that imposed the other sentence you will serve in the future:

    (b) Give the date the other sentence was imposed:
    (c) Give the length of the other sentence:
    (d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?    Yes ❑   No ❑

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:
  A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —
  (1) the date on which the judgment of conviction became final;
  (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;
  (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
  (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Therefore, movant asks that the Court grant the following relief:

or any other relief to which movant may be entitled.

_____

Signature of Attorney (if any)

I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on _____ (month, date, year).

Executed (signed) on _____ (date).

_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.